USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/30/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SANJAY TRIPATHY,

                      Plaintiff,

-against-

FEUZ, SOCIAL WORKER, SOCTP
PROGRAM FISHKILL CF, ET AL.,

                      Defendants.

---

21-CV-5349 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

    Plaintiff, who is currently incarcerated in Fishkill Correctional Facility, brings this *pro se* action, for which the filing fee has been paid, alleging that Defendants violated his federal constitutional rights. For the reasons set forth below, the Court denies Plaintiff's request for preliminary injunctive relief without prejudice to renewal at a later stage, dismisses Plaintiff's claims against the New York State Department of Corrections and Community Supervision ("DOCCS"), the New York State Board of Examiners for Sex Offenders, and the New York State Board of Parole, and directs the Clerk of Court to issue summonses as to the remaining Defendants.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court

must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## DISCUSSION

### A. Plaintiff's request for preliminary injunctive relief

Plaintiff's complaint includes a request for preliminary injunctive relief. (*See* ECF 1, at 29.) To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and

2

(2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Having reviewed the allegations set forth in the complaint, the Court finds that at this stage, Plaintiff has not carried his burden of showing that he will suffer irreparable harm if he is not awarded the extraordinary and drastic remedy of preliminary injunctive relief. Accordingly, the Court denies Plaintiff's request for preliminary injunctive relief without prejudice to renewal at a later stage.

**B.   Eleventh Amendment immunity**

The Court must dismiss Plaintiff's claims against DOCCS, the New York State Board of Parole, and the New York State Board of Examiners for Sex Offenders. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983 or RLUIPA. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977) (Section 1983); *Sossamon v. Texas*, 563 U.S. 277, 293

3

(2011) (RLUIPA). Plaintiff's § 1983 and RLUIPA claims against DOCCS, the Board of Parole, and the Board of Examiners for Sex Offenders are therefore barred by the Eleventh Amendment and are dismissed.

**C.     Summonses as to remaining Defendants**

The Clerk of Court is directed to issue summonses as to Defendants Feuz, Reid, Gonzalez, Wood, Burnett, McKoy, Stanford, Harrington, and Cuomo. Plaintiff is directed to serve the summons and complaint on each Defendant within 90 days of the issuance of the summonses. If within those 90 days, Plaintiff has not either served Defendants or requested an extension of time to do so, the Court may dismiss the claims against Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

## CONCLUSION

The Court denies Plaintiff's request for preliminary injunctive relief without prejudice to renewal at a later stage.

The Court dismisses Plaintiff's claims against DOCCS, the New York State Board of Examiners for Sex Offenders, and the New York State Parole Board. *See* 28 U.S.C. § 1915A(b)(2).

The Clerk of Court is directed to issue summonses as to Defendants Feuz, Reid, Gonzalez, Wood, Burnett, McKoy, Stanford, Harrington, and Cuomo.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff, together with an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: June 30, 2021
       White Plains, New York

                                           VINCENT L. BRICCETTI
                                           United States District Judge