UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SANJAY TRIPATHY,
                     Plaintiff,
v.                                                                                **ORDER**

FUEZ, J. FEID, LUIS GONZALEZ, JOHN               21 CV 5349 (VB)
WOOD, EDWARD BURNETT, JEFF MCKOY,
TINA M. STANFORD, MICHELE
HARRINGTON, and ANDREW M. CUOMO,
                     Defendants.
------------------------------------------------------------x

      The Court has received two letters from plaintiff dated November 1, 2021 (Doc. #31), and November 8, 2021. (Doc. #32).

      In the November 1 letter, plaintiff provides an "update on the status of service" on defendants, which plaintiff has been ordered to complete by December 1, 2021. Plaintiff attaches documents he claims reflects his attempt to serve defendants via mail under N.Y. C.P.L.R. 312-a, and he claims that defendants have not returned their signed acknowledgment of receipt of service in the time required by the C.P.L.R. See N.Y. C.P.L.R. 312-a(b). Plaintiff also claims that he cannot afford and thus "will not be able to serve Defendants through a process server." (Doc. #31).

      In light of his purported inability to complete service, plaintiff requests in the November 1 letter that the Court "intervene" to "direct Defendants/Defense counsel to immediately comply with the requirements of NY CPLR 312-a by providing an acknowledgment of service," or order defendants to "remit $2500 to [plaintiff] . . . so he can affect service via a process server." (Id.)

      In the November 8 letter, plaintiff updates the Court that one defendant (Michele Harrington) has "sent back the required acknowledgement," but that the remaining defendants "have failed/ignored their obligations." (Doc. #32). Plaintiff in this letter (i) reiterates his November 1 request for the Court to order defendants to either return their acknowledgments of service via mail or to pay $2500 for a process server and (ii) to "give no/0 additional time to Defense counsel to respond to his complaint so the matter can be proceed towards discovery." (Id.)

      Plaintiff's requests are **DENIED**. As the Court has repeatedly informed plaintiff, it is plaintiff's responsibility to serve the summons and complaint on defendants. If defendants have not returned their signed acknowledgment of receipt of service (assuming, without deciding, that plaintiff's attempt to serve via mail otherwise complies with C.P.L.R. 312-a), then service is not complete under 312-a, and plaintiff must resort to other appropriate methods of service. See, e.g., Prokopiou v. Long Island R. Co., 2007 WL 1098696, at *6 (S.D.N.Y. Apr. 9, 2007) ("[I]n the absence of [defendant's] waiver, return and acknowledgment of receipt of service or a

showing by the plaintiff that he effected service properly within the period prescribed by Fed.R.Civ.P. 4(m), the Court finds that the plaintiff's service of process was insufficient.").[1]

Nevertheless, in light of the issues raised in plaintiff's letter, his time to serve defendants in this action is extended from December 1, 2021, to **February 1, 2022**. Defendants' time to file an answer, move, or otherwise respond to the complaint is extended from December 1, 2021, to **February 1, 2022,** as well.

Plaintiff is reminded to notify the Court in writing if his address changes, and that the Court may dismiss the action if plaintiff fails to do so.

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: November 15, 2021
White Plains, NY

SO ORDERED:

_/s/ Vincent L. Briccetti_
Vincent L. Briccetti
United States District Judge

---

[1] Plaintiff will be provided with a copy of this unpublished opinion. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir.2009).