UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SANJAY TRIPATHY,
                Plaintiff,

v.

FUEZ, J. FEID, LUIS GONZALEZ, JOHN
WOOD, EDWARD BURNETT, JEFF MCKOY,
TINA M. STANFORD, MICHELE
HARRINGTON, and ANDREW M. CUOMO,
                Defendants.
--------------------------------------------------------------x

**ORDER**

21 CV 5349 (VB)

       The Court has received a letter from plaintiff dated January 3, 2022, styled as a Motion for Preliminary Injunction under Fed. R. Civ. P. 65 and a Motion for Supplemental Pleading under Fed. R. Civ. P. 15(d) (Doc. #35), as well as a letter dated January 4, 2022, containing "additional materials" in support of the motion for a preliminary injunction.

       Plaintiff's motion for a preliminary injunction largely reiterates the arguments plaintiff made in support of his previous motion for a temporary restraining order (Doc. #24), which the Court denied on September 14, 2021. (Doc. #26). Plaintiff now includes new allegations against certain personnel at Collins Correctional Facility ("Collins"), where plaintiff is currently incarcerated, and seeks to add one of those individuals as a defendant in this action. Finally, plaintiff has attached several affidavits to his motion by fellow inmates at Collins; plaintiff requests an order restricting public access to those affidavits to protect the inmates from potential harassment by correction officers at the prison. The Court will address each request in turn.

       To obtain preliminary injunctive relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc., 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); Wright v. Giuliani, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Moore v. Consol. Edison Co. of N.Y., Inc., 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

       Having reviewed plaintiff's motion for a preliminary injunction, the Court finds plaintiff has provided no new facts or arguments demonstrating that he (i) is likely to succeed on the merits of his case, or (ii) will suffer irreparable harm if he is not awarded the extraordinary and drastic remedy of preliminary injunctive relief. Accordingly, plaintiff's motion for a preliminary injunction is **DENIED**.

       Nevertheless, in light of the additional allegations contained in plaintiff's motion, and given the early stage of this case, the Court will **GRANT** plaintiff leave to supplement the

complaint pursuant to Fed. R. Civ. P. 15(d), for the limited purpose of including the additional allegations contained in the motion and naming the additional defendant referenced in the motion. If appropriate, the Court will cause an additional summons to be issued with respect to the additional named defendant, and plaintiff will be obligated to serve the summons and complaint (including the supplemental pleading) on the newly-named defendant. Accordingly, the time for all defendants to answer, move, or otherwise respond to the complaint is **STAYED** pending the filing of plaintiff's supplemental pleading, at which point defendants shall answer, move, or otherwise respond to the complaint (including the supplemental pleading) within 21 days.

Plaintiff is reminded that because he is not proceeding in forma pauperis, it is his responsibility to comply with the applicable service requirements with respect to any additional defendant.

Finally, plaintiff's request for a protective order regarding the inmate affidavits is **DENIED**. The Court finds that plaintiff has not articulated a compelling interest in restricting access to the affidavits that outweighs the presumption in favor of public access to judicial documents. Specifically, plaintiff has failed to show how or why the inmates would face retaliation from correction officers because of the affidavits.

Plaintiff is reminded to notify the Court in writing if his address changes, and that the Court may dismiss the action if he fails to do so.

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: January 12, 2022
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge