UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Sanjay Tripathy,

      Plaintiff,

 -against-

Maria Feuz, et al.,

      Defendants.
-------------------------------------------------------X

21CV05349(VB)

**DECLARATION OF JOSHUA A. BECKER**

  **JOSHUA A. BECKER**, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct:

  1. I am employed by the New York State Department of Corrections and Community Supervision ("DOCCS") as the Inmate Grievance Program ("IGP") Supervisor at Collins Correctional Facility ("Collins"), a position I have held since November 2012. In this capacity, my responsibilities include: the receipt and processing of grievances filed by Incarcerated Individuals ("IIs"), the processing of grievance appeals, and the handling of all correspondence received by the IGP. In addition, I supervise all of the IIs who work in the IGP.

  2. I make this declaration in support of the motion to dismiss by the Defendants. This declaration is based on my personal knowledge and my review of business records maintained by DOCCS in the regular course of business. I am not a Defendant in this action.

**DOCCS' Grievance Process**

  3. DOCCS has established the Inmate Grievance Program in accordance with Correction Law § 139. DOCCS' policies and procedures regarding the Inmate Grievance Program are set forth in Part 701 of Title 7 of the Official Compilation of Codes, Rules and Regulations of

the State of New York ("N.Y.C.R.R."). These regulations are mirrored with minor refinements in DOCCS Directive #4040.

4. Upon information and belief, N.Y.C.R.R. Title 7 is available in the law library of every DOCCS correctional facility, including Collins. Directive #4040 is also distributed to every facility and is available in every facility law library, including Collins. Thus, the written policies and procedures concerning the Inmate Grievance Program are widely distributed and readily accessible to IIs.

5. The DOCCS II grievance program allows any II who is personally affected by an issue to submit his or her grievance complaint to the Inmate Grievance Resolution Committee ("IGRC"), a facility committee made up of elected II representatives and appointed staff members, or, in the case of staff conduct issues, directly to the Superintendent of the correctional facility in question.

6. The II grievance process established by 7 N.Y.C.R.R. § 701.1 involves three steps: (1) complaint to the IGRC at the individual facility; (2) appeal to the Superintendent of the facility; and (3) appeal to the Central Office Review Committee ("CORC"), located in DOCCS' Central Office in Albany, New York.

7. First, an II has twenty-one (21) calendar days after an alleged incident to file a grievance with the IGRC clerk at their facility. The IGRC has sixteen (16) calendar days in which to attempt to informally resolve the complaint or hold a hearing. See 7 N.Y.C.R.R. § 701.5.

8. Second, if an II is not satisfied with the IGRC response or recommendation and wishes to appeal, he or she has seven (7) calendar days from the receipt of the IGRC's written response to appeal to the facility Superintendent. The Superintendent has twenty (20) calendar days to respond to the appeal. See 7 N.Y.C.R.R. § 701.5. If the inmate fails to receive a response

from the IGRC within the specified timeframe, the failure to respond may be construed as a denial and the inmate may appeal to the Superintendent. Id. § 701.6(g)(2).

9.   Third, if an II wishes to appeal the Superintendent's decision, he or she must do so to the CORC within seven (7) calendar days from the receipt of the Superintendent's written response. See 7 N.Y.C.R.R. § 701.5. If an II fails to receive a response from the Superintendent within the specified time period, the failure to respond may be construed as a denial, and the inmate must still appeal to CORC in order to exhaust their administrative remedies. Id. § 701.6(g)(2).

10.   CORC is the final appellate level of the Inmate Grievance Program. See 7 N.Y.C.R.R. § 701.5. The CORC shall review each appeal, render a decision on the grievance, and transmit its decision to the facility, with reasons stated, for the grievant, the grievance clerk, the Superintendent, and any direct parties within 30 calendar days from the time the appeal was received. Id.

11.   DOCCS also provides for an expedited procedure for the review of grievances alleging harassment or misconduct by DOCCS employees. See 7 N.Y.C.R.R. § 701.8. A grievance that falls under this category will be directly forwarded to the Superintendent, who has twenty-five (25) calendar days to render a response. Id. While the expedited procedure allows for direct forwarding of such a grievance to the Superintendent of the facility, an II must still initiate the grievance process by filing a grievance with the facility IGRC in accordance with 7 N.Y.C.R.R. §§ 701.5 and 701.8(a).

12.   If an II disagrees with the Superintendent's response, he or she must appeal the decision to CORC to in order to exhaust their administrative remedies. See 7 N.Y.C.R.R. § 701.8(h).

**Plaintiff's Grievances**

13. It is my understanding that in this case, Plaintiff alleges that he has been the subject of retaliation/harassment by facility staff. Specifically, he has listed four instances of alleged wrongdoing that he has identified as Incidents 1-4.

14. According to Plaintiff, Incident #1 pertains to an "Inmate Counseling Report" he received from Dr. Brotz. Plaintiff filed a grievance with respect to this incident that he fully exhausted through to CORC. A copy of Grievance # COL-0011-22 is attached as Exhibit ("Exh.") A.

15. According to Plaintiff, Incident #2 pertained to issuance to him of a Misbehavior Report by Dr. Brotz for authoring and submitting a legal document on behalf of another II. Plaintiff filed a grievance seeking to expunge the Misbehavior Report from his record. Plaintiff's Grievance was ultimately dismissed and closed by the IGRC in accordance with Directive #4040 and upheld by me because the IGP does not have the ability to expunge Misbehavior Reports. A copy of Grievance # COL-0132-22 is attached as Exh. B.

16. According to Plaintiff, Incident # 3 pertained to a search of his cell and the purported confiscation of certain legal materials. Plaintiff filed a grievance pertaining to this cell search that was received by my office on or about April 19, 2022. On or about April 29, 2022, Plaintiff appealed the IGRC determination to the Superintendent. On or about May 30, 2022, Plaintiff appealed the Superintendent's denial of his grievance to CORC. A copy of Grievance COL-0139-22 is attached as Exh. C. CORC received Plaintiff's appeal on or about June 12, 2022. CORC has thirty days from its receipt of the appeal to issue a decision. CORC has not yet issued a decision on Plaintiff's appeal.

17. According to Plaintiff, Incident #4 pertained to his being transferred to a different cell. Plaintiff filed a grievance pertaining to this transfer that was received by my office on or about May 2, 2022. On or about April 29, 2022, Plaintiff appealed the IGRC determination to the Superintendent. On or about May 11, 2022, Plaintiff appealed the Superintendent's denial of his grievance to CORC. A copy of Grievance COL-0146-22 is attached as Exh. D. CORC received Plaintiff's appeal on or about May 30, 2022. CORC has thirty days from its receipt of the appeal to issue a decision. CORC has not yet issued a decision on Plaintiff's appeal.

/s/ Joshua A. Becker
JOSHUA A. BECKER

Dated: June 23, 2022
Collins, New York